**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 15 2014, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**BRIAN BAXTER**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN BAXTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1306-CR-285 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-0110-CF-197915

**July 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

In 2003, Appellant-Defendant Brian Baxter was convicted under cause number 49G01-0110-CF-197915 ("Cause No. CF-197915") of numerous offenses including three counts of murder, conspiracy to commit robbery, resisting law enforcement, and carrying a handgun without a license. On April 30, 2013, Baxter filed a motion to compel various public agencies to produce copies of certain public records. The Marion County Clerk's Office ("Clerk's Office") docketed the motion under Cause No. CF-197915. The trial court subsequently denied Baxter's motion. On appeal, Baxter contends that his due process rights were violated by both the Clerk's Office's act of docketing his motion to compel under Cause No. CF-197915 and the trial court's denial of his motion to compel. We affirm.

**FACTS AND PROCEDURAL HISTORY**

The memorandum decision of another panel of this Court, which was handed down on June 4, 2004, instructs us as to the underlying factual background leading to the instant appeal.

> On October 5, 2001, Baxter, Terrance Thomas, and Larry Mitchell, armed with a gun, went to Edward Green's apartment to rob him. Green was at his apartment with Antonio McGregor and Anthony Ashmore. During the robbery, Baxter shot and injured Green and fled from the apartment. While Baxter was waiting for Thomas and Mitchell in the car, Edward Gilbert entered the apartment. Thomas then shot and killed Green, Gilbert, and McGregor, and injured Ashmore.
>
> Later that night, Baxter and Thomas went to an apartment complex carrying a white bag containing the guns used in the crime. At the same time, Officer Kenneth Kunz arrived at the apartment complex in pursuit of two suspects unrelated to Baxter and Thomas, who had stolen a car, caused a police chase, and abandoned the car in the vicinity of the apartment complex. The suspects in the car theft were described as two black males. As Officer Kunz pulled into the apartment complex, he observed Baxter and Thomas, two black

2

men, running between two apartment buildings toward his police car. Believing that Baxter and Thomas were the men involved in the car theft, Officer Kunz turned his spot light on them. Baxter and Thomas then turned and ran in the other direction. Officer Kunz ran after them. He identified himself as a police officer and ordered them to stop several times. Officer Kunz chased Baxter and Thomas into an apartment building and eventually apprehended them with the grocery bag containing two handguns in an apartment in the complex.

*Baxter v. State*, 49G04-0309-CR-444 *2-3 (Ind. Ct. App. June 4, 2004) ("*Baxter I*"), *trans. denied*.

On October 10, 2001, under Cause No. CF-197915, Baxter was charged with three counts of felony murder, one count of attempted murder, conspiracy to commit robbery, robbery, resisting law enforcement, and carrying a handgun without a license. *Id.* at 3. Baxter was subsequently found guilty as charged and sentenced to an aggregate sentence of 140 years. *Id.* at 3-4. On direct appeal, a panel of this court reversed Baxter's attempted murder conviction and concluded that the trial court did not abuse its discretion in sentencing Baxter. *Id.* at 12. The panel also remanded the matter to the trial court with instructions for the trial court to vacate the robbery conviction and to reduce the conspiracy to commit robbery charge to a Class B felony. *Id.* The Indiana Supreme Court denied Baxter's transfer petition. *Baxter v. State*, 49A02-0702-PC-128 *1 (Ind. Ct. App. Nov. 20, 2007) ("*Baxter II*"), *trans. denied*.

Baxter later filed a petition for post-conviction relief. *Id.* at 2. Baxter's petition was denied by the post-conviction court. *Id.* at 2. A panel of this court affirmed the denial of Baxter's petition in *Baxter II*. *Id.* at 3-4. The Indiana Supreme Court once again denied

Baxter's transfer petition. *Id*. at 1.

On April 30, 2013, Baxter filed a "Motion to Compel Public Agencies to Produce Copies of Public Records" ("motion to compel"). Appellant's App. p. 46. Baxter's motion to compel alleged that various public agencies, including the Indianapolis Metropolitan Police Department, the Marion County Forensic Agency, and the Marion County Prosecutor's Office, had violated the Indiana Access to Public Records Act. Baxter's motion to compel requested that the trial court order these agencies to produce copies of the results of certain gunshot residue tests conducted in connection to Cause No. CF-197915, claiming that the failure to produce these test results "infringes upon [his] ability to access the courts." Appellant's App. p. 46. Baxter's motion to compel referred to certain "Exhibits" which he claims support his various assertions. Appellant's App. pp. 46-48. These exhibits, however, were not attached to Baxter's motion to compel.

In filing his motion to compel, Baxter did not file an appearance or a summons as required by the Indiana trial rules for initiating a new civil action. Baxter did provide funds, seemingly for payment of the required filing fee. The Clerk's Office did not docket Baxter's motion to compel as a new civil action. Instead, it docketed the motion to compel under Cause No. CF-197915. The trial court subsequently denied Baxter's motion to compel. This appeal follows.

## DISCUSSION AND DECISION

Baxter contends that his due process rights were violated when the Clerk's Office docketed his motion to compel under Cause No. CF-197915 rather than under a new civil

4

cause number. Baxter also contends that his due process rights were violated by the trial court's denial of his motion to compel. We will address each contention in turn.

## I. The Indiana Access to Public Records Act

Indiana Code section 5-14-3-3 provides that "[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter." Indiana Code section 5-14-3-4(a) provides that certain public records are excepted from Indiana Code section 5-14-3-3 and may not be disclosed by a public agency unless access to the records is specifically required by a state or federal statute or is ordered by a court under the rules of discovery. Indiana Code section 5-14-3-4(b) provides that certain public records, including investigatory records of law enforcement agencies, shall be excepted from Indiana Code section 5-14-3-3 at the discretion of the public agency.

A request for inspection or copying of public records "must: (1) identify with reasonable particularity the record being requested; and (2) be, at the discretion of the agency, in writing on or in a form provided by the agency." Ind. Code § 5-14-3-3(a). "A person who has been denied the right to inspect or copy a public record by a public agency may file an action in the circuit or superior court of the county in which the denial occurred to compel the public agency to permit the person to inspect and copy the public record." Ind. Code § 5-14-3-9(e). "Whenever an action is filed under this subsection, the public agency must notify each person who supplied any part of the public record at issue: (1) that a request for release of the public record has been denied; and (2) whether the denial was in

compliance with an informal inquiry response or advisory opinion of the public access counselor." *Id*. "The person who has been denied the right to inspect or copy need not allege or prove any special damage different from that suffered by the public at large." *Id*. "The court shall determine the matter de novo, with the burden of proof on the public agency to sustain its denial." Ind. Code § 5-14-3-9(f). In Marion County, an action alleging a violation of the Access to Public Records Act is to be decided by the Environmental Court. *See* LR49-TR3-200.

## II. Motion to Compel Docketed Under Cause No. CF-197915

Baxter contends that his due process rights were violated by the Clerk's Office's act of docketing his motion to compel under Cause No. CF-197915 rather than under a new civil cause number. With respect to the initiation of a civil action, Indiana Trial Rule 3 provides as follows:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

The party shall also file a summons which includes certain information relating to the other party, whom must be provided with service of the complaint. Ind. Trial Rule 4(B). Indiana Trial Rule 3.1 further provides that the party "shall file with the clerk of the court an appearance form" at the time an action is commenced.

In the instant matter, Baxter filed a document entitled "Motion to Compel." Baxter also provided funds which were seemingly intended to pay the filing fee. Baxter, however,

did not file a summons or appearance. Accordingly, we determine that Baxter did not comply with all of the requirements for the initiation of a new civil action.

Furthermore, the language included in Baxter's motion to compel does not clearly indicate that Baxter intended for the motion to compel to be considered a new civil complaint rather than a pleading relating to Cause No. CF-197915. In light of Baxter's failure to meet the requirements for initiating a new civil action and the lack of a clear indication that Baxter intended for the motion to compel to be treated as a new civil complaint, we conclude that the Clerk's Office reasonably docketed the motion to compel under Cause No. CF-197915 rather than under a new civil cause number. As such, Baxter's due process rights were not violated by the Clerk's Office's act of docketing the motion to compel under Cause No. CF-197915.

## II. Denial of Baxter's Motion to Compel

Baxter also contends that his due process rights were violated by the trial court's denial of his motion to compel. On appeal, we review a trial court's ruling on a motion to compel *de novo*. *See Novotny v. Renewal by Andersen Corp.*, 861 N.E.2d 15, 20 (Ind. Ct. App. 2007). A *de novo* review is non-deferential to the trial court's decision. *See generally* BLACK'S LAW DICTIONARY 864 (8th ed. 2004).

While Baxter's motion to compel asserts that he has been denied access to copies of the results from certain gunshot residue tests conducted in connection to Cause No. CF-197915, the motion to compel does not indicate what attempts Baxter made to obtain the records or fully indicate why his request was denied. Thus, we are unable to determine

7

whether Baxter complied with the requirements of the Access to Public Records Act in making his request or whether the requested records were exempt from the Act's disclosure requirements. Further, as the trial court noted, Baxter had previously been provided with numerous opportunities to challenge any and all aspects of his conviction, including a direct appeal and various post-conviction proceedings. Baxter's motion to compel does not indicate what he hoped to glean from the copies of the requested records or argue that any of the information potentially gleaned from these documents would, in turn, justify additional successive post-conviction proceedings. As such, we conclude that Baxter's due process rights were not violated by the trial court's denial of his motion to compel.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.